(No. 3541—

FRANCIS DOYLE, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed May 9, 1944.*

MARSHAL I. McMAHON, for claimant.

GEORGE F. BARRETT, Attorney General; WILLIAM L. MORGAN, Assistant Attorney General, for respondent.

Chief Justice Damron delivered the opinion of the court:

This claimant was injured on May 9, 1940, while employed by the Division of Highways on S. B. I. Route 41, Cook County, Illinois. The injury occurred while lifting a tar barrel so as to place it on a patrol truck of the Division. He complained of an acute pain in the middle of his back, was taken to his home and was there attended by Dr. H. W. Luessman. Thereafter on the same day he was sent to Chicago to be under the care of Dr. H. B. Thomas. He continued under the treatment of Dr. Thomas until June 5, 1940, when he was discharged for work.

Claimant seeks an award for partial permanent disability.

The record consists of the complaint, report of the Division of Highways, evidence of claimant and James Schoos, a fellow worker, abstract of same, brief, statement and argument on behalf of claimant and respondent.

This claimant testified that he was totally incapacitated for work for six weeks and partially incapacitated for about two months. Dr. Thomas, during the course

of his treatment of claimant filed a series of reports with the Division of Highways:

"On May 11, examination shows tenderness of spinous processes of 8th to 12th dorsal vertebrae. Complains of pain through back into his lower abdomen but there is no rigidity to the abdominal muscles. Slight amount of muscle spasm though. Patient does not relax enough to try his reflexes. Patrick test negative. Other tests unsatisfactory. Sensation in back and lower extremities normal."

On May 15, Dr. Thomas reported: "He states he feels fine. Has been in bed until yesterday. When he moves about quickly his right lower back catches him. Is to have physiotherapy. He ought to get along nicely. Warn, however, that he has great deal of old osteoarthritis and disc trouble which makes him a bad risk for employer."

On May 27, Dr. Thomas reported: "No previous injuries elicited. Back has felt sore on previous occasions especially when he has a cold. Has tenderness over spinous processes from 8th to 12th dorsal. Sensation in back and lower O. K. Reflexes in lowers O. K. X-rays of spine show slight lipping here and there throughout the spine. A few Schmorl's nodes are visible in dorsal spine. Impression: Moderate arthritis of spine, pain due to strain of dorsal region. I gave him a medical, fearing there was some pleurisy. Findings, however, were negative. There are no objective orthopedic findings. He, however, continues to complain of pain in back where he states he was injured and tells of relief given by treatment."

On June 5, Dr. Thomas reported: "Mr. Francis Doyle continues to complain of his back. He has considerable arthritis as shown by X-ray and also has evidence of injury to the discs of the 4th, 5th, 6th, 7th, 8th and 9th dorsal vertebrae. Both these conditions are old. However, he does not complain of pain. He says all he has is a 'stitch in his right middle back over the ribs and a peculiar feeling in the low back when attempting to turn from a lying position.' He is a lather by trade and I am sure could do that type of work successfully if he did not lift anything heavy."

The above and foregoing represents all the medical testimony that was introduced in the case. Claimant testified at the hearing that he was now employed as a special delivery messenger for the post office in Cook County and earns about $130.00 per month. He testified that he was a lather by trade prior to his employment by the respondent, but due to the injury to the region of his back he was unable to follow that occupation for the

reason that it required heavy lifting which he claimed he was unable to do.

Upon a consideration of the full record, we make the following finding:

That claimant and respondent on the date of the injury were operating under the terms of the compensation Act of this State; that on said date claimant sustained accidental injuries which arose out of and in the course of his employment; that notice of said accident was given to the respondent and claim for compensation on account thereof was made within the time required by the provisions of Section 24 of said Act.

That necessary medical and hospital services were provided by the respondent. That at the time of the accident in question claimant was forty-two years of age, was married and had two children under the age of sixteen dependent upon him for support.

This record does not justify an award for partial permanent disability. Injuries, to be compensible under the provisions of the compensation act must be proven by competent evidence, of which there are or have been objective conditions or symptoms proven, not within the physical or mental control of the injured employee. From such evidence in this record, it appears only that the claimant suffered an injury to his back which subsequently healed which was insufficient to account for his alleged disability. To obtain an award for partial permanent disability under Section 8, subsection (d) of the Act, there must be proof of a difference between the average amount which he is earning or is able to earn in some suitable employment or business after the accident, and that which he earned before the accident. *Sefried* vs. *State*, 12 C. C. R., 241; *Weiner* vs. *State*, 12 C.

C. R., 244. Therefore, the claim for partial permanent disability must be denied.

However, the claimant is entitled to an award for temporary total disability from May 9, 1940, for fourteen weeks. The testimony shows that claimant was earning Fifty Cents (50c) per hour for eight hours per day for a period not to exceed 200 days per year, making his total yearly income amount to the sum of $800.00. His weekly wage would be $15.38. His compensation rate, under Section 8, paragraph (j) would be $13.20, inasmuch as this claimant had two children under the age of sixteen years dependent upon him for support.

An award is therefore hereby entered in favor of claimant in the sum of One Hundred Eighty-four Dollars and Eighty Cents ($184.80), representing temporary total compensation for fourteen (14) weeks. Respondent, having paid the claimant the sum of Forty-one Dollars and Forty-nine Cents ($41.49) temporary total compensation, must deduct this sum from the award, leaving the sum of One Hundred Forty-three Dollars and Thirty-one Cents ($143.31) due claimant, all of which has accrued and is now payable in a lump sum.

This award is subject to the approval of the Governor as provided in Section 3 of "An Act concerning the payment of compensation awards to State employees."